UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE PETER J. GOULD<br>d/b/a CHERRY HILL DEV. CO., | :<br>:<br>: |
| PETER J. GOULD,<br>    Appellant, | :<br>:<br>: |
| v. | :      3:07-cv-591 (WWE) |
| PROLOGIS SIX RIVERS LIMITED<br>PARTNERSHIP,<br>    Appellee. | :<br>:<br>: |

**MEMORANDUM OF DECISION ON APPELLEE'S
MOTION TO DISMISS APPEAL IN PART AND MOTION
TO STRIKE ITEM DESIGNATED FOR RECORD BY APPELLANT**

This action arises from appellant Peter J. Gould's appeal of an order of the Bankruptcy Court dated February 28, 2007 granting appellee Prologis Six Rivers L.P.'s motion for attorneys' fees and costs incurred in defending its rights under a lease with appellant's companies. Now pending before the Court are appellee's motion to dismiss the appeal in part and motion to strike an item designated by appellant on appeal. Appellant has failed to file any opposition to appellee's motions.

**BACKGROUND**

At a hearing held before the Bankruptcy Court on July 26, 2006, appellee moved the court for the payment of attorneys' fees and costs stemming from the defense of a claim in an adversary proceeding. On February 7, 2007, the Bankruptcy Court issued an opinion granting summary judgment in the adversary proceeding that, according to appellee, concluded that it would be improper to order the disgorgement of the attorneys' fees and costs. Upon a motion seeking the payment of the attorneys' fees

1

and costs incurred in the adversary proceeding and the proceedings seeking the payment of those fees, on February 28, 2007, the Bankruptcy Court ordered appellant to pay all the accrued attorneys' fees and costs.  Appellant filed the instant appeal challenging the Bankruptcy Court's award of fees and costs.  He has, however, failed to obtain a stay of such award before either the Bankruptcy Court or this Court.

On April 25, 2007, appellee filed a motion to compel, requesting the Bankruptcy Court to direct appellant's compliance with the fee award, order appellant's counsel to deliver escrow monies and require appellant to pay the balance due appellee pursuant to the Bankruptcy Court's order.  Through this motion to compel, appellee sought an order from the Bankruptcy Court directing that $145,000 of Estate funds currently being held in escrow be immediately released to ProLogis as partial satisfaction for its remaining claim against the Estate and further directing appellant to pay the balance of the fee award by a date certain.  On April 27, 2007, appellant filed his opposition to appellee's motion to compel, a motion for release of the escrow funds and a motion for a stay of the fee award order pending the outcome of the appeal.  The Bankruptcy Court granted appellee's motion to compel compliance, ordering the payment of $178,035.80 to appellee by June 30, 2007.  It is not apparent in the record whether these fees have been paid.

## DISCUSSION

**I.    Motion to Dismiss**

Appellee moves for dismissal of the first issue on appeal on the grounds that it is an unappealable final order of the Bankruptcy Court.  Appellant's first issue on appeal is

2

"the Bankruptcy Court made an award of attorney fees in the absence of any statutory, contractual or other legal basis to do so." Appellee argues that the Court is precluded from reviewing this issue by the doctrine of res judicata. Appellee contends that appellant's liability to pay the attorneys' fees and costs arose not from the Bankruptcy Court's February 28 order, but rather the previous order of February 7 in which the Bankruptcy Court granted summary judgment in favor of Keystone NJP IV, LLC, predecessor-in-interest to appellee ProLogis. In that order, the Bankruptcy Court concluded that appellant's previous payment of attorneys' fees and costs to appellee, made to facilitate confirmation of appellant's second amended plan, should not be disgorged. Because appellant did not appeal from the order denying summary judgment, appellee argues, he cannot now challenge the February 28 order.

Reviewing the two orders of the Bankruptcy Court – the February 7 and February 28 orders – it is not apparent that the February 7 order made any rulings with respect to the attorneys' fees. Although the Bankruptcy Court's February 28 order does refer to the award of fees in the February 7 order, see Prologis Six Rivers Ltd. P'ship v. Gould (In re Gould), 363 B.R. 45, 47 (Bankr. D. Conn. 2007) ("On February 7, 2006, the court granted Keystone's motion for summary judgment, concluding that there was no basis upon which the attorneys' fees and costs should be disgorged."), the Court is unable to conclude that the February 7 order established the law of the case such that appellant should be precluded from appealing the award of attorneys' fees and costs in the February 28. The Court will therefore leave appellant to his proof, and the motion to dismiss will be denied.

## II. Motion to Strike

Appellee moves to strike from appellant's designation of items on appeal item #298, the Affidavit of Peter J. Gould in Opposition to Motion of ProLogis For Supplemental Award of Attorneys Fees filed September 7, 2006, on the grounds that it was not properly before the Bankruptcy Court when the court made its decision from which appellant appeals. Specifically, because of his failure to comply with its pretrial order, the Bankruptcy Court forbade appellant from entering any direct evidence into the hearing. The Gould Affidavit, therefore, was not before the Bankruptcy Court.[1]

The record on appeal should consist of items that were before the Bankruptcy Court at the time of its decision. See In re Barrick Group, Inc., 100 B.R. 152, 154 (Bankr. D. Conn. 1989). Federal Rule of Appellate Procedure 10(e) governs the introduction of evidence in a bankruptcy appeal to a district court. See Opetubo v. Citibank Student Loan Corp., 74 Fed. Appx. 145 (2d Cir. 2003); In re Food Fair, Inc., 15 Bankr. 569, 571 (Bankr. S.D.N.Y. 1981). That rule provides, in pertinent part, that "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected...." Rule 10(e) is not meant to allow a party to supplement the record on appeal with new evidence that was not before the bankruptcy court. Rather, the purpose of Rule 10(e) is to "correct omissions from – or misstatements in – the record on appeal, not to introduce new evidence in the [appellate court]." Schreier v. Weight Watchers Northeast Region, 872 F. Supp. 1, 3

---

[1] Appellant did not file any opposition papers to the motion to strike, which would have indicated a desire to appeal the Bankruptcy Court's order preventing him entering any direct evidence into the hearing. Accordingly, this Court will not consider the appropriateness of that order.

4

(E.D.N.Y. 1994); see also J. Moore, 20 Moore's Federal Practice § 310.40[1][c] ("While Appellate Rule 10(e) grants the district and circuit courts latitude in correcting the record, it does not authorize the addition of new material.").

Because the affidavit that appellant seeks to introduce into the record was not before the Bankruptcy Court at the time of its decision, it would be inappropriate to include it at this stage. See Opetubo, 74 Fed. Appx. at 146 (excluding evidence not before the bankruptcy or district courts because it would not shed light on the district court's decision).

## CONCLUSION

For the foregoing reasons, appellee's Motion to Dismiss Appeal In Part (Doc. #17) is DENIED and appellee's Motion to Strike (Doc. #60) is GRANTED. The parties are instructed to proceed with this appeal pursuant to Federal Rule of Bankruptcy Procedure 8009.

Dated at Bridgeport, Connecticut, this 28th day of July, 2008.

                                                      /s/
                                        Warren W. Eginton
                                        Senior United States District Judge