UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE PETER J. GOULD<br>d/b/a CHERRY HILL DEV. CO., | :<br>:<br>: |
| PETER J. GOULD,<br>      Appellant, | :<br>:<br>: |
| v. | :      3:07-cv-591 (WWE) |
| PROLOGIS SIX RIVERS LIMITED<br>PARTNERSHIP,<br>      Appellee. | :<br>:<br>:<br>: |

## RULING ON APPEAL

The issue on appeal is whether the Bankruptcy Court abused its discretion in awarding attorneys' fees and expenses to appellee Prologis Six River Limited Partnership. Specifically, appellant Peter J. Gould contends that the Bankruptcy Court ordered him to pay fees that were unrelated to the lease that is the center of the parties' dispute. For the reasons that follow, the Court will affirm the Bankruptcy Court's award of fees.

The Bankruptcy Court's award of fees will not be reversed by the district court absent an abuse of discretion. See In re JLM, Inc., 210 B.R. 19, 23 (2d. Cir. B.A.P. 1997); In re Raytech Corp., 241 B.R. 785, 788 (D. Conn. 1999). An abuse of discretion occurs where the Bankruptcy Court (1) fails to apply the proper legal standard or follows improper procedures in determining the award or (2) bases its award on findings of fact that are clearly erroneous. In re JLM, 210 B.R. at 23. This Court must examine "whether there is a reasonable basis in the record to support the propriety of the bankruptcy judge's decision, not on whether the appellate court might have ruled

differently if presented with the same evidence." Bernheim v. Damon and Morey, LLP, 2007 U.S. App. LEXIS 15530, *2-3 (2d Cir. June 28, 2007).

Paragraph 17(b)(7) of the lease at issue states that "Tenant [appellant] shall be liable for any and all reasonable attorneys' fees and costs which Landlord [appellee] may incur as a result of successfully enforcing or protecting its rights against the Tenant." Based on this provision, the Bankruptcy Court awarded appellee $178,035.80, including $8,229.50 for fees that arose in connection with a related company's independent bankruptcy proceeding. Appellant challenges this award of fees. Specifically, he argues that certain fees arose in the separate bankruptcy proceeding, while in other situations, appellee's counsel's fees were excessive and redundant.

As to the fees accrued in the Copack International bankruptcy, appellee contends that until appellant's instant brief, it was not clear that Copack was not involved with appellant and the lease. In light of this uncertainty regarding the relationship of the two bankruptcies, appellee argues that it had taken protective actions to preserve its rights concerning the lease. Appellant does not offer any argument that these protective actions meant to preserve appellee's rights in the instant bankruptcy with relation to the lease do not fall under paragraph 17(b)(7). Therefore, the Court cannot find that the Bankruptcy Court abused its discretion in awarding fees based on these actions, which ultimately stemmed from the instant bankruptcy proceeding.

Second, appellant argues that appellee's counsel staffed this matter with more attorneys than necessary and therefore accrued excessive fees. The Second Circuit Court of Appeals has observed that, in the context of an appellate court reviewing a fee

determination, the trial court is "intimately familiar with the nuances of the case [and] is in a far better position" to determine the appropriateness of the fee request.  See Goldberger v. Integrated Res., 209 F.3d 43, 48 (2d Cir. 2000).  The evidence before the Bankruptcy Court supports the staffing of multiple attorneys on this matter by appellee.  This Court, deferring to Judge Shiff's more-intimate awareness and involvement with the case, does not believe that the Bankruptcy Court abused its discretion with such an award.

Finally, as to appellant's challenge of the award for transportation and meal-related fees and expenses, the Court finds that the Bankruptcy Court's award was not an abuse of discretion because its findings and determinations were all in accord with other bankruptcy courts in this Circuit.

Based on the evidence before the Court, including the Bankruptcy Court's ruling of February 28, 2007, this Court cannot conclude that the Bankruptcy Court's award of fees was an abuse of discretion.  Accordingly, the Court AFFIRMS the award by the Bankruptcy Court.  The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 22d day of January, 2009.

/s/
Warren W. Eginton
Senior United States District Judge